IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ELLEN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| GPS HOSPITALITY, LLC, | ) | _____ |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff ELLEN LEWIS hereby states claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), and 42 U.S.C. § 1981, on the grounds stated below.

### *Jurisdiction and Venue*

1. The Court has original subject-matter jurisdiction pursuant to (a) 28 U.S.C. § 1331 because this action arises under the laws of the United States, (b) 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce, and (c) 42 U.S.C. § 2000e-5(f)(3) because this action is brought under Subchapter VI of Title VII.

2. Under 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Northern District of Georgia, Rome Division.

### *The Parties*

3. Plaintiff ELLEN LEWIS ("PLAINTIFF") is a citizen of the state of Georgia and the United States and resides in the Northern District of Georgia.

4. Defendant GPS HOSPITALITY, LLC ("DEFENDANT") is a domestic limited liability company organized under Georgia law doing business in the Northern District of Georgia with its principal office located at 2100 Riveredge Parkway, Suite 850, Atlanta, Georgia 30328.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served through its registered agent for service of process: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

### *Compliance With Administrative Prerequisites*

7. PLAINTIFF has timely complied with all legally required administrative prerequisites before filing this action.

8. On or about March 9, 2017, PLAINTIFF filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination by DEFENDANT on account of her race.

9. On or about September 27, 2018, the EEOC issued to PLAINTIFF a notice of dismissal and right to sue DEFENDANT.

## *Grounds for this Action*

10. At all relevant times, DEFENDANT was an "employer" within the meaning of 42 U.S.C. § 2000e(b) of Title VII.

11. At all relevant times, DEFENDANT engaged in an industry affecting commerce and employed 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12. At all relevant times, DEFENDANT owned and operated a Burger King Restaurant located at 7871 Adairsville, Georgia 30103 (the "Adairsville Burger King" or the "restaurant").

13. PLAINTIFF is a black female.

14. Between July 2016 and March 2017, DEFENDANT had a sign posted at its Adairsville Burger King (the "Now Hiring Sign"), attached to this complaint as Ex. 1 [Doc. 1-1], stating:

> Now Hiring
> Managers & Team Members
> Open Interviews
> Tuesday Evenings
> 4:00 - 7:00
> Come Apply

15. Ex. 1 to this complaint [Doc. 1-1] is a true and correct copy of DEFENDANT's Now Hiring Sign. The contents of Ex. 1 to this complaint

[Doc. 1-1] are adopted by reference as if fully set forth in this complaint pursuant to Fed. R. Civ. P. 10(c).

16.   On or about August 2016, PLAINTIFF spoke in person with DEFENDANT's restaurant General Manager and asked about employment at its Adairsville Burger King.

17.   On or about August 2016, PLAINTIFF applied for employment at DEFENDANT's restaurant.

18.   On or about August 2016, DEFENDANT's restaurant General Manger told PLAINTIFF in person that there were no open positions, but that if anything changed he would let her know.

19.   Between August 2016 through December 2016, PLAINTIFF called the Adairsville Burger King on multiple occasions to ask whether any positions had opened up.

20.   Each time PLAINTIFF called the Adairsville Burger King, DEFENDANT's restaurant General Manger told her that no positions had opened up.

21.   On or about October 14, 2016, DEFENDANT hired two white individuals to work at its Adairsville Burger King.

22.   One of the white individuals whom DEFENDANT hired to work at its Adairsville Burger King on October 14, 2016, applied for employment at the restaurant on October 12, 2016.

23. The other white individual whom DEFENDANT hired to work at its Adairsville Burger King on October 14, 2016, applied for employment at the restaurant on October 13, 2016.

24. PLAINTIFF was qualified to perform the job duties of the positions filled by the two white individuals whom DEFENDANT hired on or about October 14, 2016.

25. DEFENDANT never considered PLAINTIFF for the two positions at the restaurant filled by white individuals on or about October 14, 2016.

26. From on or about August 2016, through on or about October 14, 2016, DEFENDANT did not advertise or post the two job openings at the Adairsville Burger King that DEFENDANT filled with white individuals on October 14, 2016.

27. On or about December 22, 2016, PLAINTIFF spoke in person with DEFENDANT's restaurant General Manager and asked about employment at its Adairsville Burger King.

28. On or about December 22, 2016, PLAINTIFF applied for employment at DEFENDANT's restaurant.

29. On or about December 22, 2016, the restaurant General Manager told PLAINTIFF in person that there were no positions available.

30. On or about December 22, 2016, PLAINTIFF told the restaurant General Manager the reason DEFENDANT did not hire her was, "it's because I'm black."

31. On or about January 20, 2017, DEFENDANT hired a white individual to work at its Adairsville Burger King.

32. The white individual whom DEFENDANT hired to work at its Adairsville Burger King on January 20, 2017, applied for employment at the restaurant on January 20, 2017.

33. PLAINTIFF was qualified to perform the job duties of the position filled by a white individual whom DEFENDANT hired on or about January 20, 2017.

34. DEFENDANT never considered PLAINTIFF for the position it filled with the white individual on or about January 20, 2017.

35. From on or about October 14, 2016, through on or about January 20, 2017, DEFENDANT did not advertise or post the job opening at the Adairsville Burger King that DEFENDANT filled with the white individual on January 20, 2018.

36. On or about early January 2017, PLAINTIFF called DEFENDANT's Adairsville Burger King and asked whether any positions were available.

37. On or about early January 2017, DEFENDANT again told PLAINTIFF that no positions were available at the Adairsville Burger King.

38. After on or about early January 2017, PLAINTIFF stopped asking DEFENDANT whether any positions were available at its Adairsville Burger King because doing so was futile.

39. On or about February 27, 2017, DEFENDANT hired a white individual to work at its Adairsville Burger King.

40. The white individual whom DEFENDANT hired to work at its Adairsville Burger King on February 27, 2017, applied for employment at the restaurant on February 27, 2017.

41. PLAINTIFF was qualified to perform the job duties of the position filled by a white individual whom DEFENDANT hired on or about February 27, 2017.

42. DEFENDANT never considered PLAINTIFF for the position it filled with the white individual on or about February 27, 2017.

43. From on or about January 20, 2017 through on or about February 27, 2017, DEFENDANT did not advertise or post the job opening at the Adairsville Burger King that DEFENDANT filled with the white individual on February 27, 2017.

44. DEFENDANT's failure or refusal to hire PLAINTIFF for a position at DEFENDANT's Adairsville Burger King was motivated by her race.

### *CLAIMS AGAINST THE DEFENDANT*

### Count 1
### *42 U.S.C. § 2000e-2(a)(1)*
### (Race Discrimination Under Title VII)

45. Paragraphs 1-44 above are re-alleged and incorporated by reference as if fully set forth herein.

46. By engaging in the conduct described above in Paragraphs 10-44, DEFENDANT unlawfully discriminated against PLAINTIFF because of her race with respect to failing or refusing to hire PLAINTIFF and other terms, conditions and benefits of employment, all in violation of Title VII.

47. As a result of DEFENDANT's unlawful actions, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, incurring pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. PLAINTIFF seeks compensatory, punitive, and nominal damages, pre-judgment and post-judgment interest, declaratory and injunctive relief, and reasonable attorney's fees and costs of this action, all

through the date of entry of a final non-appealable judgment, all pursuant to Title VII, and all in an amount to be determined as specified by law.

49. PLAINTIFF's race was a motivating factor in DEFENDANT's decision to fail or refuse to hire PLAINTIFF.

50. Alternatively, DEFENDANT, motivated in part by PLAINTIFF's race and motivated in part by other reasons, discriminated against PLAINTIFF in violation of Title VII with respect to failing or refusing to hire PLAINTIFF and other terms, conditions and benefits of employment.

## Count 2
### 42 U.S.C. § 1981
**(Race Discrimination)**

51. Paragraphs 1-44 above are re-alleged and incorporated by reference as if fully set forth herein.

52. By engaging in the conduct described above in Paragraphs 10-44, DEFENDANT unlawfully discriminated against PLAINTIFF because of her race with respect to failing or refusing to hire PLAINTIFF and other terms, conditions and benefits of employment, all in violation of 42 U.S.C. § 1981.

53. As a result of DEFENDANT's unlawful actions, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, incurring pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. PLAINTIFF seeks compensatory, punitive, and nominal damages, pre-judgment and post-judgment interest, declaratory and injunctive relief, and reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, all pursuant to 42 U.S.C. § 1981, and all in an amount to be determined as specified by law.

**Count 3**
*42 U.S.C. § 1981*
**(Retaliation)**

55. Paragraphs 1-44 above are re-alleged and incorporated by reference as if fully set forth herein.

56. By engaging in the conduct described above in Paragraphs 27-44, DEFENDANT unlawfully retaliated against PLAINTIFF for complaining that DEFENDANT's failure or refusal to hire PLAINTIFF, and denying her other terms, conditions and benefits of employment, was because of her race, all in violation of 42 U.S.C. § 1981.

57. As a result of DEFENDANT's unlawful actions, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, incurring pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. PLAINTIFF seeks compensatory, punitive, and nominal damages, pre-judgment and post-judgment interest, declaratory and

injunctive relief, and reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, all pursuant to 42 U.S.C. § 1981, and all in an amount to be determined as specified by law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ELLEN LEWIS respectfully prays that this Court enter judgment in favor of PLAINTIFF and against DEFENDANT for:

A.  Lost wages, employment benefits, and other compensation to which PLAINTIFF is entitled, pursuant to Title VII and 42 U.S.C. § 1981.

B.  Compensatory damages including, but not limited to, pecuniary losses, emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and any other non-pecuniary losses or intangible injuries to which PLAINTIFF is entitled, pursuant to Title VII and 42 U.S.C. § 1981.

C.  Punitive damages to which PLAINTIFF is entitled, pursuant to Title VII and 42 U.S.C. § 1981.

D.  All reasonable attorney's fees and costs of the action through entry of a final non-appealable judgment, pursuant to Title VII and § 1981, including all reasonable attorney's fees and costs for:

(1)  the time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFF under Title VII and 42 U.S.C. § 1981;

  (2) the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of PLAINTIFF under Title VII and 42 U.S.C. § 1981, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

  (3) the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, and

  (4) the time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

 E. Pre-judgment and post-judgment interest on all amounts awarded pursuant to Title VII and § 1981, including lost compensation, litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

 F. A declaration that DEFENDANT engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(m), and 42 U.S.C. § 1981 with respect to PLAINTIFF.

G. All such other legal and equitable relief to which PLAINTIFF is entitled as a matter of law and equity.

H. All such other and further relief as is deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

*s/ Alan H. Garber*
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

*Attorneys for the Plaintiff*